IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LATASHA H.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:17-cv-01417-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

Latasha H. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") on June 16, 2016. After Plaintiff filed her opening brief, the Commissioner moved for an order remanding the case for further proceedings. Plaintiff replied, arguing that the case should be remanded for an award of benefits. For the reasons that follow, the Court REVERSES and REMANDS for an immediate award of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied for SSI on February 21, 2013, alleging a disability onset date of February 21, 2009. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision on June 21, 2016. The Appeals Council denied Plaintiff's request for review on July 10, 2017. Plaintiff filed a complaint in this Court on September 11, 2017 seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must

be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the Plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. At step two, the ALJ found that Plaintiff had the following severe limitations: "anxiety/post-traumatic stress disorder; history of carpal tunnel syndrome (CTS); history of drug and alcohol abuse; and mild intellectual development disorder (20 CFR 416.920(c))." Tr. 29. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: she would be limited to no more than occasional handling, fingering and feeling with her left hand. She would also need to avoid exposure to fumes, dust, gases, poor ventilation and other noxious odors. She would be limited to simple, repetitive, routine tasks, requiring no more than occasional interaction with the public, and no more than brief, superficial interaction with coworkers.

Tr. 30. At step four, the ALJ found that Plaintiff had no past relevant work experience. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including bakery helper. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

The parties agree that the ALJ erred by failing to consider Listing 12.05C (intellectual disability) at step three of the sequential analysis but disagree about whether the case should be remanded for further proceedings or an immediate award of benefits under the credit-as-true rule.[2]

To meet Listing 12.05C, a claimant must demonstrate "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an intelligence quotient ("IQ") score of 60 to 70; and (3) a physical or other mental impairment

---

[2] The Commissioner asks this Court to assess Plaintiff's intellectual disability under the new Revised Medical Criteria for Evaluating Mental Disorders that went into effect on January 17, 2017. 81 Fed. Reg. 66138-01 (Sept. 26, 2016); 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.05 (2017). However, these new criteria weren't in effect when the Commissioner evaluated Plaintiff's disability claim and the Revised Medical Criteria explicitly state that Federal Courts should review the final decisions of the Commissioner "using the rules that were in effect at the time [that the Commissioner] issued the decisions." *Id.* at n.1. I therefore decline the Commissioner's request.

causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

The Court has discretion under 42 U.S.C. § 405(g) to decide "whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

The credit-as-true doctrine is settled in the Ninth Circuit and binding on this Court. *Garrison*, 759 F.3d at 999. Under this doctrine, courts must utilize the following sequential evaluation process: (i) determine whether the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence, be it claimant testimony or medical opinions; (ii) review the whole record to assess whether it is fully developed, free from conflicts and ambiguities, and that all essential factual issues have been resolved; and (iii) determine whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Dominguez v. Colvin*, 808 F.3d 403, 407–08 (9th Cir. 2015) (internal citations and quotation marks omitted). Additionally, even if all three of the foregoing primary elements are met, courts can still remand for further proceedings if the record as a whole "creates serious doubt" about whether a claimant is disabled as a matter of law. *Id.*

Here, the parties agree that the ALJ committed harmful error in failing to consider Listing 12.05C at step three of the sequential analysis. Thus, the first prong of the credit-as-true test is met.

With respect to prong two of the credit-as-true analysis, however, the Commissioner argues that the record is not fully developed because the ALJ did not "fully evaluate" Plaintiff's intellectual disability. In short, the Commissioner seems to argue that the three *Kennedy* prongs for meeting the requirements of 12.05C—(1) subaverage intellectual functioning before age 22, (2) IQ of 60–70, and (3) an impairment causing significant work-related limitation—are not met.

With respect to establishing the first prong of a 12.05C analysis, the Commissioner argues that the ALJ did not expressly evaluate Plaintiff's deficits in adaptive functioning prior to age 22 and that the evidence was conflicting because Plaintiff also had extensive activities in dissonance with a 12.05C determination, *e.g.*, caring for her minor son, helping him with his homework, managing household chores, and maintaining employment during periods of sobriety. Plaintiff argues that she meets the first prong of a 12.05C analysis because she was identified as having learning difficulties in elementary school, dropped out of high school before the ninth grade, and unsuccessfully attempted to earn a GED. She has only had unskilled jobs, never maintained a job more than a few months, and has never had a driver's license.

"Evidence of adaptive functioning deficits prior to age 22 may be circumstantial; including difficulties with reading and writing, attending special education classes, and dropping out of school." *Nicholson v. Colvin*, 106 F. Supp. 3d 1190, 1196 (D. Or. 2015) (citation omitted). "[P]laintiffs can fulfill the Listing 12.05C adaptive functioning deficit requirement across a wide spectrum of circumstances." *Walker-Williams v. Berryhill*, No. 3:16-cv-02133-AA, 2018 WL 921504, at *5 (D. Or. 2018).

Circumstantial evidence in this case evinces deficits in adaptive functioning prior to age 22. The ALJ does not need to "expressly evaluate" Plaintiff's deficits in adaptive functioning, as the Commissioner suggests, for prong two of the credit-as-true doctrine to apply. This doctrine empowers district courts to credit evidence as true when the ALJ committed legal error. *Dominguez*, 808 F.3d at 407–08. That the ALJ failed to address whether Plaintiff met the 12.05C standard is the conceded legal error in this case. If the record is fully developed and the essential factual issues resolved, the evidence only needs to be free from ambiguities or conflicts for it to be credited as true. *Id.* Although the Commissioner contends that the record contains "conflicts," the cited evidence is not in tension with deficits in adaptive functioning under 12.05C; one could, for example, help with child rearing and homework and still have the requisite deficits.

In *Pedro v. Astrue*, the claimant had graduated high school, was able to drive, lived independently, and cared for her children. Yet, the court found that she had "amply" demonstrated the onset of her mental handicap before age twenty-two through evidence of special education classes, low-skilled work, and her own testimony that she struggled with reading and writing. 849 F. Supp. 2d 1006, 1014 (D. Or. 2011).

Here, unlike the claimant in *Pedro*, Plaintiff didn't graduate high school and is unable to drive. But similar to that claimant, she cares for her young son, has only engaged in low-skill work, and struggles with reading and writing. There is also evidence that her difficulties started as early as elementary school. Therefore, Plaintiff meets the first prong of 12.05C.

As for the second prong of 12.05C, the Commissioner argues that it's unclear from the record whether the ALJ accepted the validity of Plaintiff's IQ score. While the Psy.D. who administered Plaintiff's IQ test, Dr. Dobles, stated that Plaintiff's "pattern did not indicate a level of distortion that would render the [IQ] test results invalid," the Commissioner states that it was

unclear whether Dr. Dobles's statement was referring specifically to her personality testing or also to the IQ testing. I disagree: the language quoted by the Commissioner is reasonably read to be referring to personality testing and there is no indication that it also qualifies Dr. Dobles's IQ analysis. The "pattern" is a reference Plaintiff's tendency to endorse unfavorable impressions of herself in the preceding sentence, which starts with the words "[i]n personality testing." Tr. 39. Additionally, the three sentences following the passage quoted by the Commissioner are also about personality testing—further evidence that the quoted passage is part of the ALJ's broader summary of Dr. Dobles's findings about Plaintiff's personality testing. *See Id.* ("She reported a personality style that involved a degree of adventurousness . . . She likely felt incomplete, unfulfilled, and inadequate.").

The Commissioner also states that the record is not fully developed because the ALJ did not "expressly" address the validity of the IQ score. But the ALJ observed that "Intellectual testing produced a Verbal Comprehension Index (VCI) of 76; a Perceptual Organization Index (PRI) of 79, a Working Memory Index (WMI) of 71, and a Processing Speed index (PSI) of 71; yielding a Full Scale Index of 70." Tr. 39. There is no requirement for the ALJ to expressly state that he found the assessment to be valid—the ALJ's decision to not question its validity is reason enough to infer that the ALJ accepted it. Thus, the record is fully developed to establish an IQ score of 70 and the second 12.05C prong is satisfied.

Finally, with respect to the third prong of Listing 12.05C, the Commissioner implies that the record does not establish that Plaintiff's work-limitations are "significant" under the listing but does not explicitly make this argument. "[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987). Here, the

ALJ concluded that Plaintiff suffered from the severe, medically determinable impairments of anxiety/PTSD, history of CTS, and history of drug and alcohol abuse. These impairments would reasonably have more than a slight or minimal effect on Plaintiff's work activities. Therefore, I find that the final prong of 12.05C is satisfied, as is the second prong of the credit-as-true analysis.

The third prong of the credit-as-true analysis is also satisfied here. Plaintiff suffers from the impairment listed in section 12.05C and the impairment meets the statutory 12-month duration requirement, so she is disabled under the Act. 42 U.S.C. § 1382c(a)(3)(A). Additionally, considering the record as a whole there is not serious doubt as to Plaintiff's disability. *Dominguez*, 808 F.3d at 407–08.

The record is fully developed and further administrative proceedings would serve no useful purpose. The ALJ failed to assess whether Plaintiff met the standards for establishing disability under Listing 12.05C. Crediting the evidence in the record as true, the ALJ would be required to find that Plaintiff is disabled at step three of the sequential analysis. Therefore, the Court reverses the Commissioner's decision and remands for an immediate award of benefits

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is REVERSED and REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated this 31st day of January, 2019.

_____
Ann Aiken
United States District Judge